IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-01167 |
| ) | |
| APPROXIMATELY $84,605.00 ) | |
| IN UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Sean M.A. Hatfield, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Approximately $84,605.00 in United States currency (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2. The defendant property consists of approximately $84,605.00 in United States currency that was seized on March 21, 2018 by the Kansas Highway Patrol during a routine traffic stop of a vehicle driven by Michael Mount on I-70 at milepost 161 in Ellis County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in the district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and

disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

*/s/ Sean M.A. Hatfield*
SEAN M.A. HATFIELD
Ks. S. Ct. No. 24098
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
T: (316) 269-6481
F: (316) 269-6484
sean.hatfield@usdoj.gov

## DECLARATION

I, Douglas W. Carr, am a Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this __7__ day of June, 2018.

                                                                      _____
                                                                      TFO Douglas W. Carr
                                                                      DEA

## AFFIDAVIT

I, Douglas W. Carr, being first duly sworn, depose and state:

1. I have been employed as a Kansas Highway Patrol (KHP) Trooper for 18 years and have been cross-designated as a DEA Task Force Officer for two years. My duties include investigation of violations of the Controlled Substance Act, title 21 of the United States Code and the forfeitures thereto.

2. The information contained in this affidavit is known to me through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a civil forfeiture proceeding.

3. On March 21, 2018, KHP Trooper James McCord stopped a white Toyota Camry bearing Virginia registration VTM-4681 for speeding and lingering in the left lane. The stop occurred on I-70 at mile marker 159 in Ellis County, Kansas.

4. The driver, Michael MOUNT was identified by an Ohio driver license. Two passengers, Aaron MARSHALL and Jessie DONALDSON of Ohio were the only other occupants. MOUNT stated the vehicle was rented by his sister Sherri SUTTLES, who was not in the vehicle. None of the three subjects in the car were listed as an additional driver on the rental agreement.

5. During a consensual search, Trooper McCord found approximately $43,990.00 in U.S. currency in a trash bag box inside a book bag in the trunk. The currency was separated into bundles, some secured in rubber bands and some in bank notes. Approximately $40,615.00 in currency was found in a heat sealed plastic bag in the same book bag in the trunk. The currency was separated into rubber banded bundles. The bundles were in three separate plastic bags that were heat sealed and had dryer sheets in them. Marijuana pieces were found in the cup holder between the front seat and under the front passenger seat.

6. All three suspects waived their rights per *Miranda*. MARSHALL told TFO Carr that MARSHALL claimed the currency found in the heat-sealed bag belonged to him. MARSHALL claimed he put the dryer sheets in with the USC to keep a drug dog from sniffing the money if he was stopped by the police. MOUNTS and DONALDSON claimed parts of the money found in the trash bag and said they were going to gamble in Las Vegas.

7. Later a KHP drug detection K-9 sniffed both amounts of currency separately and received positive results. The total amount seized from the three is approximately $84,605.00.

8. Based on the information set out above, I have probable cause to believe that the approximately $84,605.00 seized in this investigation by Trooper McCord constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substances, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et seq. Accordingly, the approximately $84,605.00 is subject to forfeiture pursuant to 21 U.S.C. §881.

Douglas W. Carr, TFO
DEA

Sworn to and subscribed before me this 7 day of June, 2018.

Notary Public

CONNI S. BLISS
MY COMMISSION EXPIRES
1-22-2019

My Commission Expires: 1-22-2019